**BROWNELL CO v SQUIRE**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1356.   Decided Jan 28, 1936

A. K. Meck, Dayton, for plaintiff in error.
John W. Bricker, Attorney General, Columbus, Hubert Estabrook, Special Counsel, Dayton, and Rowland McKee, Dayton, for defendant in error.

## OPINION ·

By BODEY, J.

Under this state of facts, it is our view that the various creditors, including the plaintiff herein, who claimed these notes, constituted John Dineen their agent for the purpose of collecting the notes and holding the proceeds until the creditor entitled thereto was determined. As such agent, he was authorized to take the steps necessary to enforce collection and to hold the proceeds realized therefrom. This appointment was effective until October 6, 1930, when he was named Special Master Commissioner by the United States District Court. Thereafter, he was an appointee of that court and as such was authorized to continue collection of the unpaid notes and to hold the proceeds of collection pending that court's order. Under the verbal appointment of the claimants to these notes, Dineen was authorized to make deposit of the proceeds of collection in a reputable banking institution although he was not expressly directed so to do. Any fiduciary, be he agent, trustee or bailee, in the absence of express instructions to the contrary, is authorized to deposit funds which come into his hands by reason of his appointment or designation in a recognized and reputable financial institution. 3 R. C.L., 518, §147; 26 R.C.L., 1314, §171. The evidence shows that this deposit was opened by Dineen in the usual course of business and the record does not show affirmatively that the Union Trust Co. had any knowledge concerning the character of the deposit made, except what it may have acquired by reason of the fact that the deposit was entered in the name of John Dineen, Trustee, or what may have come to it through its attorneys, Munger & Kennedy. In the case of **Busher, Clerk of Courts v Fulton, Supt. of Banks, 128 Oh St, 485** at page 490, the Supreme Court says:

"The bare fact that the money was deposited by plaintiff in error in his official capacity as Clerk of Courts did not make the deposit a special one. * * * Nor did the additional fact that there was an established relationship between plaintiff in error and his cestui que trust have anything to do with establishing a trust relationship between plaintiff in error and the Trust Company. * * * Any trust relationship between the latter two was wholly a matter of independent creation on their part."

It was held by the Supreme Court in the case of the **State ex Fulton, Supt. of Banks v Main, Sheriff, 128 Oh St, 457,** that, in the absence of evidence to the contrary, a deposit in a bank is presumed to be general in its nature. In the second syllabus of this latter case, it is said:

"When a trustee properly deposits trust funds in a bank they are not thereby impressed with a new trust solely by reason of their original trust nature."

With these citations before us, we must conclude that the Union Trust Company, in taking the deposit in controversy from 'John Dineen, Trustee,' which deposit he was permitted to make under the law, was not placed upon notice and that it had the right to treat the deposit as general in its nature. The case of Busher v Fulton, supra, goes further. The fourth syllabus reads thus:

"The acceptance by a bank of a lawful deposit of public or other **trust funds,** with express knowledge of their source and the purpose for which they are to be used, is not alone sufficient to establish a special deposit." (Emphasis ours).

Under this holding, knowledge which may have come to the bank through its attorneys would not be sufficient to make the deposit special. Granting that Munger & Kennedy, as attorneys for the Union Trust Company and for the trustee in bankruptcy, knew that these funds came from the collection of the Guaranty Packers, Inc. notes and that John Dineen was trustee only for the rightful owner, when he should be ascertained and determined, such information, in the absence of an express agreement concerning this deposit or one which may be clearly implied, would not be sufficient to create a special deposit in this case. Counsel for plaintiff contends that the case of **Smith v Fuller, 86 Oh St, 57,** is controlling. This case was criticised by the court in the Busher case, supra, in this language:

"In Smith v Fuller every doubt was resolved in favor of the trustees and we are unwilling to extend that case beyond the peculiar facts there developed."

In the Smith v Fuller case, the court had under consideration a non-interest bearing certificate of deposit, and the writer of the opinion in the Busher case properly observes that the conclusion in the former

case might have been different if the case had involved an ordinary savings account bearing interest. In the case at bar interest was regularly paid on the deposit. This is evidence that the deposit was general rather than special. The Supreme Court so holds in the second syllabus of Fulton, Supt. of Banks v The Escanaba Paper Co., 129 Oh St, 90. Note this language:

"The payment of interest on the deposit is a strong, though not conclusive, indication that title to the funds deposited has passed to the bank and that the relation between the bank and the depositor is that of debtor and creditor."

In view of these holdings, it is our opinion that this case is controlled by the principles laid down in the cases of Busher, Clerk v Fulton, etc., The State ex Fulton v Main, Sheriff, and Fulton, Supt. v Paper Company, supra, rather than by the case of Smith v Fuller, supra. We hold that the circumstances surrounding the opening of the deposit account by John Dineen and his agreement with the Union Trust Company entered into at the time of opening the account are not sufficient to establish a special deposit. It is our judgment that the account was a general one and that the relation of debtor and creditor only was created.

We do not believe that the relationship established originally by the opening of this account was altered or changed when Dineen was appointed Special Master Commissioner by the United States District Court. If the language of the entry making the appointment, and especially that portion thereof wherein it was ordered that the appointment should not in any wise affect the right of the proper party to the net proceeds of the notes, had been communicated to the Union Trust Company and thereafter had been made a part of the agreement under which deposits were made, we might reach a different conclusion. The evidence does not disclose that the Union Trust Company had any knowledge of this order unless it may have acquired the same through its attorneys. However, so far as the record discloses, the Union Trust Company was not a party to the proceedings in which the order was made. In that action, Munger & Kennedy were representing the trustee in bankruptcy and not the bank. Information which that law firm may have gained in its representation of a client in that case may not be used to the prejudice of another of its clients whom they were not then representing. We find

nothing in this record which indicates that any other or further agreement was made with the depository after the deposit was opened in the name of John Dineen, Trustee. Since it is our view that the original deposit created the relationship of debtor and creditor, being general in its character, we held that there is no prejudicial error on the record. The judgment of the lower court is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.

## ON REHEARING

Decided March 11, 1936

By THE COURT

Submitted on rehearing.

This application presents no questions which were not considered by the court in our disposition of the case by our former decision. In addition to the authorities cited in the original opinion we now have access to the case of Squires, Supt. of Banks v Oxenreiter et, 130 Oh St, 475, Ohio Bar Association report of March 9, 1936. This case very definitely disposes of the contentions of plaintiff in error. Under this decision of the Supreme Court there can be no question but that the funds here involved were not impressed with a trust.

We adhere to our former opinion.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.